**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 98-4705

DOUGLAS ALONZO PENN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-97-336-WMN)

Submitted: April 27, 1999

Decided: August 9, 1999

Before ERVIN and NIEMEYER, Circuit Judges,
and HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph Roll Conte, BOND, CONTE & NORMAN, Washington,
D.C., for Appellant. Lynne A. Battaglia, United States Attorney, Bon-
nie S. Greenberg, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

_____

*Senior Judge Hall participated in consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas Alonzo Penn appeals from his conviction for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Penn argues on appeal that the district court erred in denying his motion to suppress the firearms and statements he made during the search. He also contends that the court erred by instructing the jury that it could consider whether he possessed the weapons on or about the charged dates and by denying his motion for a mistrial when the Government summarized that instruction in closing argument. Finding no error, we affirm.

We find that Chiffon Williams consented to the search and that she had actual or apparent authority to do so. See Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). Therefore, the firearms seized by officers were admissible. We find that Penn's statement made to officers during the search occurred during an investigatory stop, similar to a Terry[1] stop, and therefore the officers were not required to advise Penn of his Miranda[2] rights. See United States v. Leshuk, 65 F.3d 1105, 1109-10 (4th Cir. 1995); United States v. Moore, 817 F.2d 1105, 1108 (4th Cir. 1987). We also find Penn's claims relating to the "on or about" jury instruction to be without merit. Penn's substantial rights were not prejudiced by any alleged variance. See United States v. Queen, 132 F.3d 991, 999 (4th Cir. 1997). Further, time was not an essential element of the offense. See United States v. Floresca, 38 F.3d 706, 709-710 (4th Cir. 1994).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

_____

[1] **Terry v. Ohio**, 392 U.S. 1 (1968).

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

2

materials before the court and argument would not aid the decisional process.

AFFIRMED